IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MONA WATSON CLARK, in her individual capacity and as Executor of the Estate of Lewis M. Watson, | ) ) ) ) ) | CIVIL NO. 06-00544 MEA/RLP ORDER DENYING MOTION FOR RECUSAL; EXHIBIT A |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE; UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION FOR RECUSAL

I.   INTRODUCTION AND BACKGROUND.

On October 4, 2006, Plaintiff Mona Watson Clark filed this lawsuit against Defendant United States Internal Revenue Service ("IRS") and the United States Department of Justice, Tax Division. See Compl., ECF No. 1. The First Amended Complaint alleges violations of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) ("FOIA"), and the Internal Revenue Code, 26 U.S.C. § 7431. See First Amended Compl. ("FAC") ¶¶ 1-2, 67-89, ECF No. 47. Following cross-motions for summary judgment, only Clark's unauthorized disclosure claim remained. See Mem. Op. & Order, Sept. 14, 2010 ("2010 Summ. J. Order"), ECF No. 225.

Clark is a beneficiary of Lewis M. Watson's estate and of his trust. See id. at 2. She believes that a previous executor of Watson's estate and trustee of the trust, Arthur

Wirtz, misappropriated money from the estate and trust. See 2010 Summ. J. Order at 2; Order Denying Cross-Motions for Summ. J., June 16, 2009 ("2009 Summ. J. Order"), at 2-3, ECF No. 133. Clark's FOIA requests were targeted toward investigating this potential liability. See 2009 Summ. J. Order at 2-4. Clark also alleges that the IRS improperly "provided confidential tax information to third parties." FAC ¶ 89. As Judge Samuel P. King explained in his 2009 Summary Judgment Order:

> Her theory is that (regardless of whether or not it can be determined with whom the IRS dealt with) the existing records indicate that the IRS processed transactions in 1989 and 1990 with someone when there was no Watson-trust executor (again, Wirtz died in 1983, and no one was appointed to replace him until 2007). Plaintiff's expert witness opines that the codes indicate transactions via a "PRP" program, including some sort of refund and assistance in processing a form 8824, like-kind exchange.

2009 Summ. J. Order at 11.

This case was initially assigned to the late Judge King. On March 20, 2010, after receiving approval from Chief Justice John G. Roberts, Ninth Circuit Chief Judge Alex Kozinski approved reassignment of this case to Judge Marvin E. Aspen, a visiting judge who sometimes assists this court. See 28 U.S.C. § 292; Exh. A (Certificate of Necessity). On April 12, 2010, the case was reassigned to Judge Aspen. See ECF No. 203. In December 2010, Judge Aspen presided over a four-day bench trial. ECF Nos. 286-289. At trial, Clark sought to prove her theory

that the IRS violated 26 U.S.C. § 7431 by dealing with an unauthorized individual or entity affiliated with Wirtz.  See Order, Apr. 28, 2011, at 2, ECF No. 319.  The parties are now awaiting Judge Aspen's findings of fact and conclusions of law.  See id. at 1.

On April 19, 2011, Clark filed a Motion for Recusal.  ECF No. 316.  On April 28, 2011, Judge Aspen referred the motion to this judge.  ECF No. 319.  The court now denies Clark's motion.

II.     RELEVANT FACTS.

Judge Aspen is a senior district judge from the Northern District of Illinois.  His senior status allows him to assist the judiciary by accepting reassignments, in any circuit, when requested.  See Decl. Marvin E. Aspen ("Aspen Decl.") ¶ 2, ECF No. 319-1.  Judge Aspen has accepted the assignment of roughly twenty cases in the District of Hawaii since 2003.  See id.

Judge Aspen has declared a financial interest worth $50,000 to $100,000 in a limited partnership known as BSV.  See Decl. Mona Watson Clark ("Clark Decl.") ¶ 8 & Exhs. A-E (Judge Aspen's disclosure forms for the years 2006-2010), ECF Nos. 316-2 to 316-7; see also Aspen Decl. ¶¶ 8-9 (acknowledging interest as limited partner in BSV Limited Partnership).  In 1989, BSV entered into a joint venture with the Metropolitan Chicago

Stadium Enterprises Limited Partnership ("MCSE"). Clark Decl. ¶ 12; Aspen Decl. ¶ 11. The joint venture is known as the Metro-Chicago Sports Stadium Joint Venture ("SSJV"). Clark Decl. ¶ 12; Aspen Decl. ¶ 11. Judge Aspen is not and never has been a partner in MCSE. Aspen Decl. ¶ 12. Likewise, no Wirtz family member or corporate entity is a BSV partner. Aspen Decl. ¶ 10.

It appears that the Wirtz Corporation, which has been run by Arthur Wirtz's son and grandson, at some point received mail on behalf of the joint venture. Clark Decl. ¶¶ 12, 15 & Exhs. F, I. Moreover, according to Clark, the Wirtz Corporation provided "substantial financial support for BSV" by executing an amended mortgage for SSJV as a guarantor. See Clark Decl. ¶ 14 & Exh. H.

Judge Aspen did not know Arthur Wirtz, who died in 1983, and does not know any of Wirtz's family members. Aspen Decl. ¶¶ 5-6; Clark Decl. Exh. I.

III. STANDARD.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal also is authorized under 28 U.S.C. § 144, which provides that, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further."

4

Under both recusal statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). The reasonable person, moreover, is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)). The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Id. (quoting United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)).

IV.     ANALYSIS.

Clark brings her motion under § 455(a), providing two reasons for disqualifying Judge Aspen from presiding over this matter any further. First, she argues that Judge Aspen is not a local or even a Ninth Circuit judge but is instead from Chicago. Mem. Supp. Clark's Mot. Recusal ("Mot.") at 3, ECF No. 316. Second, she argues that Judge Aspen has a financial interest in "a Wirtz entity." Id. Neither argument persuades this judge that Judge Aspen should be disqualified from adjudicating this matter.

5

First, nothing about the appointment of Judge Aspen, an out-of-circuit judge hailing from the Northern District of Illinois, suggests actual or apparent partiality on his part. Judge Aspen is an Article III judge whose status allows him to assist the judiciary, in any circuit, by accepting reassignments when requested. See Aspen Decl. ¶ 2. Judge Aspen maintains a caseload in his home district and, having expressed a willingness to travel to Hawaii, has presided over cases in our district on several prior occasions. See, e.g., Tachibana v. Colo. Mountain Devel., Inc., Civ. No. 07-00364 MEA/BMK (D. Haw.); Reno v. United States, Civ. No. 02-00808 MEA/KSC (D. Haw.); Fielder v. Murphy, Civ. No. 01-00608 MEA/LEK (D. Haw.); see also Aspen Decl. ¶ 2 (noting that he has accepted the assignment of roughly twenty cases in the District of Hawaii since 2003). Judge Aspen also presides over cases in New York and Mississippi. See, e.g., United States v. Perez, Crim. No. 09-1153 MEA (S.D.N.Y.); Brown v. Pagan, Civ. No. 08-8372 MEA/RLE (S.D.N.Y.); Burdine v. Teleflex Inc., No. CIVA 4:07CV064 (N.D. Miss.).

The court understands that certain issues in this case relate to Chicago, which is in the Northern District of Illinois. Mot. at 3. However, the assignment of Judge Aspen was a routine one that complied with all applicable procedural requirements. See Exh. A. It does not give rise to any suspicion on the part of a reasonable observer regarding his ability to be impartial.

6

The standard for recusal is not so broadly construed that recusal is "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Holland, 519 F.3d at 913 (internal quotation marks omitted). Clark's argument would render all out-of-circuit assignments suspect.[1]

Clark's second argument is that Judge Aspen has a financial interest worth $50,000 to $100,000 in a limited partnership known as BSV, which she contends is related to a "Wirtz entity." Clark Decl. ¶¶ 8, 12-14; see also Aspen Decl. ¶¶ 8-9 (acknowledging interest as limited partner in BSV Limited Partnership). Clark appears to contend that SSJV's receipt of notices by the Wirtz Corporation, and Wirtz Corporation's role as guarantor on an SSJV mortgage, demonstrates that SSJV is a "Wirtz entity." Clark does not explain the argument further, but presumably her contention is that Judge Aspen may be partial (or may appear to be partial) in favor of the IRS in order to protect the Wirtz Corporation, which is related to SSJV, and therefore ultimately related to his financial interest in BSV, one of SSJV's controlling entities.

---

[1] Clark's objection is also untimely. Without explanation, she waited a year from the date Judge Aspen assumed his duties in this case to raise her concern regarding his status as an out-of-circuit judge. A motion for recusal must be made with "reasonable promptness after the ground for such a motion is ascertained." Preston v. United States, 923 F.2d 731, 733 (9th Cir. 1991); see also Wood v. McEwen, 644 F.2d 797, 802 (9th Cir. 1981) (per curiam) (waiting sixteen months after discovering the grounds for recusal was untimely and resulted in a waiver).

7

However, to establish a financial interest in the subject matter in controversy, the effect of a favorable ruling must be direct--not indirect, speculative, or slight. See Herrington v. Sonoma County, 834 F.2d 1488, 1503 (9th Cir. 1987), amd. on denial of reh'g, 857 F.2d 567 (9th Cir. 1988); In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988). Indeed, the facts of this case establish no interest at all. Arthur Wirtz is not a party to this proceeding, nor are any members of his family. BSV, MCSE, and SSJV are not parties. The only Defendants are the IRS and the Department of Justice. Clark does not claim that Judge Aspen has any financial interest in the IRS or the Department of Justice. Clark fails to show that a favorable result by the Government in this case would have any effect on Arthur Wirtz, any business associated with Arthur Wirtz, BSV, MCSE, or SSJV, or the finances of Judge Aspen himself. See Aspen Decl. ¶ 14. Indeed, Wirtz himself died in 1983, before BSV was even formed, and Judge Aspen did not acquire an interest in BSV until 1994. Id. ¶¶ 4, 9. The facts do not suggest actual or apparent partiality on the part of Judge Aspen.

Grounds for disqualification are not present in this case. The motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 2, 2011



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Clark v. United States; Civil No. 06-00544 MEA/RLP; ORDER DENYING MOTION FOR RECUSAL; EXHIBIT A.