IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONA WATSON CLARK, in her individual capacity and as Executor of the Estate of Lewis M. Watson, <br><br>      Plaintiff, <br><br>  vs. <br><br>UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE; UNITED STATES DEPARTMENT OF JUSTICE, <br><br>      Defendants. | CIVIL NO. 06-00544 MEA/RLP <br><br>ORDER DENYING MOTION FOR RECUSAL AND FOR RECONSIDERATION OF ORDER DENYING MOTION FOR RECUSAL DATED APRIL 19, 2011 |

ORDER DENYING MOTION FOR RECUSAL AND FOR RECONSIDERATION OF
ORDER DENYING MOTION FOR RECUSAL DATED APRIL 19, 2011

I.      INTRODUCTION.

On May 2, 2011, this court denied Plaintiff Mona Watson Clark's motion to recuse Judge Marvin E. Aspen from further proceedings on this case. ECF No. 320. On July 5, 2011, nine weeks later, Clark filed a "Motion for Recusal and for Reconsideration of Order Denying Motion for Recusal Dated April 19, 2011." ECF No. 323. She again seeks recusal of Judge Aspen, despite the court's previous order denying her first motion. Clark's request is denied.

II.     LEGAL STANDARD.

Local Rule 60.1 governs motions for reconsideration of interlocutory orders, such as orders regarding recusal. See generally Seidel v. Durkin (In re Goodwin), 194 B.R. 214, 221

(B.A.P. 9th Cir. 1996) ("An order denying a motion to recuse is interlocutory."); In re Cement Antitrust Litigation (MDL No. 296) 673 F.2d 1020, 1025-26 (9th Cir. 1981) (dismissing attempted appeal from recusal order for lack of appellate jurisdiction and holding that the recusal order was interlocutory).

For the court to reconsider an interlocutory order, Clark must establish: (a) the discovery of new material facts not previously available; (b) an intervening change in law; or (c) manifest error of law or fact.  LR 60.1.  "Mere disagreement with a previous order is an insufficient basis for reconsideration." Comeaux v. Haw., Civ. No. 06-00341 SOM/BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).  Furthermore, "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."  Id. (citing Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Local Rule 60.1 requires motions for reconsideration to be filed within fourteen days of the filing of the court's written order.

III.     ANALYSIS.

Clark's reconsideration motion is denied as untimely. The court's order denying Clark's motion for recusal was filed on May 2, 2011.  ECF No. 320.  Clark's motion for reconsideration was due fourteen days later, or by May 16, 2011.  The motion was not filed until July 5, 2011, nine weeks later and seven weeks after the deadline, and is therefore untimely.  Cf. Brenner v. IndyMac Bank, F.S.B., Civ. No. 10-00113 SOM/BMK, 2010 WL 5387566, at *1 (D. Haw. Dec. 17, 2010) (denying motion for reconsideration because, inter alia, the motion was not timely filed).

Even if the court considered the motion on its merits, the motion would be denied because Clark does not meet the Rule's requirements for reconsideration.  The majority of Clark's motion again presses her argument that Judge Aspen's interest in BSV Limited Partnership ("BSV") requires his recusal because BSV shares an investment with the Wirtz Corporation, which is, in turn, affiliated with the man Clark contends defrauded the Watson Estate and Trust.  See Mem. Supp. Mot. ("Mot.") 13-25, July 5, 2011, ECF No. 324.  The argument, while considerably more detailed than that contained in Clark's original motion, presents the court with no new material facts that were previously unavailable to Clark regarding this issue.  Cf. Mem. Supp. Mot., Apr. 19, 2011, ECF No. 316-1 (argument in Clark's original motion that Judge Aspen's interest in BSV requires recusal); see also

3

Decl. Mona Watson Clark, Apr. 18, 2011, ECF No. 316-2 ("4/18/11 Clark Decl.") (summarizing documentation of allegedly improper connection between Judge Aspen and the Wirtz Corporation).  Clark argues no intervening change in the law regarding recusal that would justify revisiting the court's previous order, and brings to the court's attention no manifest error of law or fact committed in its earlier order.  Clark's mere disagreement with the court's previous order is not enough to justify reconsideration.  <u>Comeaux</u>, 2007 WL 2300711, at *1.

       Clark also argues that Judge Aspen failed to file an adequate public disclosure statement because she was unable to identify the nature of an investment labeled "Commercial Building" on disclosure statements filed between 2003 and 2009, and therefore could not "assess whether a conflict of interest exists as to any of Judge Aspen's other holdings."  Mot. 27.  This argument was not asserted in Clark's original motion, but it is evident that the existence of the allegedly inadequate disclosure statements is not a "new" fact that justifies reconsideration, as Clark relied on the same disclosure statements in presenting her original motion.  <u>See</u> 4/18/11 Clark Decl. ¶ 7 & Exhs. A-D.

       Finally, Clark argues that the court's procedures for appointing Judge Aspen to hear the case were "illegal" because the appointment allegedly involved <u>ex parte</u> communications and

4

because the appointment allegedly violated the court's own guidelines for the intercircuit assignment of judges. Mot. 27-36. This argument is unpersuasive.

The Certificate of Necessity attached to this court's previous order, see ECF No. 320-1, establishes the propriety of Judge Aspen's assignment to the case under the law governing temporary judicial designations. See 28 U.S.C. § 292(d) (authorizing temporary assignment of a district judge of one circuit to serve on a district court in another circuit "upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises"). And, other than claiming that a Government attorney requested that a status conference be scheduled, Clark points to no purported ex parte communication between Government counsel and the court that occurred around the time of Judge Aspen's assignment to preside over this case. See Mot. 30. Quite apart from the absence of any evidence that a judge (as opposed to court staff) had the alleged conversation, a status conference request is only a scheduling matter, not a discussion of the merits of the case, and it does not support a recusal, much less reconsideration of an order.

In any event, Clark fails to establish that the procedures followed for appointing Judge Aspen violate Clark's constitutional right to due process or otherwise provide a basis

5

for recusal.  Notwithstanding Clark's belief that a judge in this district could have taken over the case from Judge King, the appointment procedure utilized in this case does not suggest any actual or apparent partiality or bias on Judge Aspen's part that requires his recusal from the matter.  Cf. 28 U.S.C. §§ 144, 455 (setting forth standards for disqualification of judges).

IV.     CONCLUSION.

For the reasons set forth above, Clark's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 14, 2011.



　　　　　　　　　　　　　　　　 /s/ Susan Oki Mollway
                                Susan Oki Mollway
                                Chief United States District Judge

Clark v. United States; Civil No. 06-00544 MEA/RLP; ORDER DENYING MOTION FOR RECUSAL AND FOR RECONSIDERATION OF ORDER DENYING MOTION FOR RECUSAL DATED APRIL 19, 2011.